Town of Lexington *vs.* John J. Burns, executor.

Middlesex. April 13, 1931. — May 27, 1931.

Present: Rugg, C.J., Carroll, Wait, Sanderson, & Field, JJ.

*Executor and Administrator*, Bond. *Probate Court*, Parties, Petition in equity upon executor's bond, Decree. *Equity Jurisdiction*, Suit upon executor's bond. *Cemetery*. *Municipal Corporations*, Cemetery.

Upon appeal by the respondent in a petition in equity in a probate court from a decree entered in favor of the petitioner after hearing, where the record did not include a statement by the judge of facts found by him, it was *held*, that the entry of the decree imported a finding by the judge of the material facts alleged in the petition.

Where a will directed the executor to "arrange and provide for perpetual care of the family burial lot in . . . [a] cemetery [in a town] where my relatives are buried," and the executor failed to pay the usual and reasonable charge of the cemetery commissioners of the town for perpetual care of the lot, the assets of the estate being sufficient to permit the payment, and paid to the town merely the yearly charges for annual care of the lot, the town was entitled to maintain a petition in equity in the Probate Court against the executor on his bond under St. 1922, c. 512, and to a decree directing the respondent to pay the petitioner the charge for such perpetual care: the purpose of the testator was not fulfilled by having the money for perpetual care held by the respondent.

Petition in equity, filed in the Probate Court for the county of Middlesex on November 3, 1930, under St. 1922, c. 512.

The allegations of the petition and a decree entered after hearing by *Harris*, J., are described in the opinion. The record did not include a statement of facts found by the judge. The respondent appealed.

The case was submitted on briefs.

*J. J. Burns*, for the defendant.

*S. R. Wrightington*, Town Counsel, for the plaintiff.

SANDERSON, J. This is an appeal, of the executor and residuary legatee under the will of Susan E. Smith, from a final decree in a suit in equity brought under St. 1922, c. 512, on the executor's bond. The statute provides that, in addition to other remedies, the obligations of the several bonds referred to in the chapter may be enforced directly by any party interested, in his own name, by petition in equity in the Probate Court. The petition alleges that the respondent was duly appointed executor of the will of the testatrix in 1922, filed a bond, which was approved, and an inventory showing real and personal property in a substantial sum.

The second clause of the will is in the following words: "I direct that my executor shall arrange and provide for perpetual care of the family burial lot in Lexington cemetery where my relatives are buried." The petition alleges that the family burial lot referred to is in the Munroe Cemetery, in Lexington, which belongs to the town, and that the usual and reasonable charge of the cemetery commissioners of the town for perpetual care of a lot of the size and description of that referred to in the will is $150; that the respondent has failed and neglected to pay the town of Lexington or its cemetery commissioners that sum, but that the lot had been cared for by the petitioner; that the usual charge for annual care is $3 per year; that the respondent has paid the petitioner for annual care the sum of $18 and owes a balance of $6 for two years. The petition further alleges that the failure of the respondent to pay the petitioner for annual care and perpetual care is a violation of his duty as executor and in breach of his bond, and prays that the bond be enforced for the benefit of the petitioner and that the respondent be ordered to pay $156 and the

expenses of these proceedings. The decree established the fact that the respondent had become obligated to the petitioner on his official bond in the sum of $156, and ordered the payment of that sum to the petitioner forthwith for the perpetual care of the burial lot of the deceased in the Munroe Cemetery, in Lexington, as directed by the will, and a further sum as costs and expenses, the same to be paid out of the estate of the deceased.

The decree entered after a hearing imports a finding of the material facts alleged in the petition, and would thus include a finding that the petitioner's cemetery is the one referred to in the will, that the charge for perpetual care is reasonable, that $6 is due for annual care, that there are sufficient assets in the estate to pay the sum ordered to be paid, and that the petitioner is entitled to receive that sum. To carry out the purpose of the testatrix as expressed in the will, the money for perpetual care was rightly ordered to be paid to the petitioner, as stated in the decree, rather than to be held by the respondent. The town was the proper party to maintain the petition. The decree is affirmed. Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Ordered accordingly.*